IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Wade Stephney, Jr. #141962,<br><br>       Plaintiff,<br><br>vs.<br><br>Sheriff NFN William, Captain Johnson, and Lt. Brown,<br><br>       Defendants. | Civil Action No.: 8:09-1007-MBS-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Sections 1983, 1985, and 1997. This matter is before the Court on the defendants' motion for summary judgment. [Doc. 18.]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

## APPLICABLE LAW

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is

deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

**<u>DISCUSSION</u>**

The plaintiff alleges that the defendants failed to deliver legal mail to him, namely, a Magistrate Judge's Report and Recommendation ("R&R"), dated June 12, 2008, in *Stephney v. Ozmint, et al.*, C/A No. 8:08-0411-MBS. The plaintiff has produced no

probative evidence that any of the defendants affected the delivery of mail to him; he simply proclaims it. In his affidavit, the plaintiff makes generalized claims that he has knowledge that the defendants failed through "willful, wanton, and callous negligence" to deliver the R&R to him. (Pl. Aff. ¶ 4.) There is no evidence that such a claim can be within the plaintiff's personal knowledge. He does not allege to have heard, seen, or otherwise observed any incident or information, which might have lead him to suspect the defendants' involvement. His argument is akin to the tort concept of *res ipsa loquitur*. The plaintiff would simply contend that the R&R was mailed; it did not, in fact, make its way to him; therefore, the defendants must have tampered with it. (See generally Pl. Aff.) Rule 56 requires more to survive summary judgment. *See* Fed. R. Civ. P. 56. He fails to allege or establish a single specific fact from which a reasonable jury could conclude that the defendants had any thing to do with the failed delivery of the R&R.

To the extent the district court would disagree with that recommendation, the Court would alternatively recommend that the claim be dismissed for a failure to exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust administrative remedies before filing a §1983 action concerning his confinement. 42 U.S.C.A. §1997(e) states:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In *Porter v. Nussle,* 534 U.S. 516 (2002), the United States Supreme Court held that the exhaustion requirement applies to all inmate suits about prison life, whether they involve

3

general circumstances or particular episodes. In *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006), the United States Supreme Court held that the PLRA exhaustion requirement requires proper exhaustion. The Court stated that "[a]dministrative law requires proper exhaustion of administrative remedies which means using all steps that the agency holds out, and doing so properly." *Id.* at 90. (Internal quotations and citations omitted). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including Section 1983. *Id.*

It is undisputed that the plaintiff never filed any administrative grievance regarding his mail. (Compl. at 2; Pl. Resp. at 4.) He contends, however, that as a pretrial detainee he was not required to exhaust his administrative remedies and, moreover, due to his short custody, he was not afforded access to adequate remedies.

First, this district has held that exhaustion of administrative remedies is required of pretrial detainees, as the plaintiff was at all times relevant to his claims. *Rutland v. Dewitt*, 2010 WL 288217, at *5 & n.1 (D.S.C. January 25, 2010); *Bunch v. Nash*, 2009 WL 329884, at *4, n .2 (D.S.C. February 10, 2009); *Tate v. Anderson*, 2007 WL 28982, at *4 (D.S.C. January 3, 2007); *see also United States v. Al-Marri*, 239 F. Supp .2d 366, 367-68 (S.D.N.Y.2002) (holding pretrial detainee required to exhaust administrative remedies under PLRA before filing suit).

Second, the plaintiff has not made any evidentiary support of the length of the time of his pretrial custody or how, upon transfer, he was prohibited from filing any grievance. No reasonable jury could conclude, on the facts before the Court, that the plaintiff had no ability to complain about the mail issue.

4

## **CONCLUSION**

Wherefore, based upon the foregoing, it is recommended that the defendants' motion for summary judgment [Doc. 18] should be GRANTED and the plaintiff's claims dismissed *with prejudice*. In the alternative, the plaintiff's claims should be dismissed *without prejudice* for his failure to administratively exhaust them.

                                                   s/Bruce Howe Hendricks
                                                   United States Magistrate Judge

February 4, 2010
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).