IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wade Stephney, Jr., #141962, ) | |
| ) | C/A No. 8:09-1007-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Sheriff NFN William, Captain Johnson, ) | |
| and Lt. Brown, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Wade Stephney, Jr. is an inmate in the custody of the South Carolina Department of Corrections. At the time of the underlying events, Plaintiff was a pretrial detainee housed at the Williamsburg County Detention Center. Plaintiff, proceeding pro se, alleges that Defendants failed to deliver legal mail to him, in violation of his constitutional rights. Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

This matter is before the court on motion for summary judgment filed by Defendants on August 3, 2009 (Entry 18). By order filed August 4, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition to Defendants' motion on August 12, 2009, as supplemented on August 18, 2009.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. On February 4, 2010, the Magistrate Judge issued a Report and Recommendation in which she recommended that Defendants' motion for summary judgment be granted and Plaintiff's claims be dismissed with prejudice. In the alternative, the Magistrate Judge recommended that Plaintiff's claims be dismissed

without prejudice for failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997e, which provides that no action under § 1983 shall be brought by "a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are exhausted." Plaintiff filed objections to the Report and Recommendation on February 18, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The court has thoroughly reviewed the motion, memoranda, exhibits, and other evidence in the record. It is undisputed that Plaintiff filed no administrative grievance regarding the alleged interference with his mail. Although the Magistrate Judge thoroughly discussed the merits of the allegations of the complaint, the court concludes that the better course is to adopt the alternative resolution recommended by the Magistrate Judge, and require Plaintiff to comply with § 1997e(a). See Porter v. Nussle, 534 U.S. 516 (2002). Accordingly, Plaintiff's complaint is dismissed *without prejudice* to allow Plaintiff to exhaust his administrative remedies.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina
February 24, 2010